

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COCHRAN, CARONIA & CO., LLC an Illinois Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ENCORE ENTERTAINMENT INSURANCE SERVICES, LLC, a California Limited Liability Company,<br><br>Defendant. | No. 04 C 7870 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Encore Entertainment Insurance Services, L.L.C.'s ("Encore") motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we deny the motion to dismiss the breach of contract claim and grant the motion to dismiss the unjust enrichment claim.

## BACKGROUND

Plaintiff Cochran, Caronia, & Co., L.L.C. ("Cochran") is an investment bank that provides financial services to the insurance industry. Encore is a property and

1

casualty program manager which operates as an insurance wholesaler, accepts business from licensed brokers nationwide, and underwrites chiefly on behalf of the St. Paul Companies ("St. Paul"). On June 5, 2003, Cochran and Encore entered into an agreement ("June 2003 Agreement") whereby Encore enlisted Cochran to provide investment banking services. According to Cochran, the agreement provides that its services were to be provided "in connection with a 'Possible Transaction.'" (Compl. Par. 8). Cochran alleges that if the "Possible Transaction" was consummated, the agreement provided that Cochran was to be paid a fee equal to $600,000 plus 3% of the consideration for the transaction in excess of $60,000,000 received by Encore and its stockholders as a result of the consummation of the "Possible Transaction." (Compl. Par. 9). Cochran alleges, that in accordance with the terms of the June 2003 Agreement, Cochran prepared "offering memoranda," developed lists with contact information for potential buyers, and provided evaluations of Encore's business. Cochran also alleges that Between October of 2003 and May of 2004, Cochran solicited customers for Encore, organized meetings with interested parties, negotiated confidentiality agreements, and acted as an intermediary between Encore and its customers. Cochran further alleges that in May of 2004, St. Paul indicated that it was interested in acquiring Encore's business and St. Paul tendered an offer for the purchase of Encore's assets. Cochran claims that it assisted Encore in evaluating St. Paul's offer, helped Encore formulate a counter-offer, and assisted in the negotiations of the sale to St. Paul. Cochran asserts that the sale to St. Paul constitutes a "Possible Transaction" under the June 2003 Agreement and that Cochran is entitled to

appropriate compensation, but that Encore has refused to honor its obligations under the June 2003 Agreement. Cochran brought the instant action alleging a breach of contract claim (Count I), and an unjust enrichment claim (Count II).

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Depot of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002);*Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each

element of a "cause of action...." *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

I. Breach of Contract Claim (Count I)

Encore argues that Cochran's allegations in regards to the breach of contract claim are insufficient to state a claim. However, Encore's arguments are premature at this juncture because Encore's arguments contest the merits of Cochran's breach of contract claim. Encore begins, for example, by arguing that "Plaintiff does not, for indeed it cannot, plead that St. Paul's 'expression of interest in acquiring Encore's business,' let alone the actual acquisition of the business, was a result of

4

*any* action taken by Plaintiff." (Mot. 4)(emphasis in original). This argumentative diatribe is inconsistent with the above stated legal standard that provides that, for the purposes of a motion to dismiss, the plaintiff's allegations are to be deemed as true and all reasonable inferences are to be drawn in favor of the plaintiff. *Thompson*, 300 F.3d at 753. Although Encore claims that Cochran "does not" and "cannot" plead facts that show there was a breach of contract, Cochran pleads precisely such facts. Cochran alleges in the complaint that it had an agreement with Encore and Cochran alleges its understanding of the pertinent terms of the agreement. (Compl. Par. 7, 9). Cochran further alleges that under the agreement "[t]he sale of Encore's assets to St. Paul is defined in the Agreement as a 'Possible Transaction'" and that "[u]pon the occurance of this sale, Cochran was to be paid $600,000 for its services."
(Par. 14). Finally, Cochran alleges that Encore breached the June 2003 Agreement by not paying Cochran the $600,000. (Compl. Par. 19). Encore vehemently disagrees with some of the above allegations in its motion to dismiss, but the court cannot address the merits of a plaintiff's claim at the pleadings stage.

## II. Unjust Enrichment Claim (Count II)

Encore also moves to dismiss the unjust enrichment claim. Encore first argues that Cochran is prohibited from bringing both a breach of contract claim and an unjust enrichment claim. The Seventh Circuit has made it clear that "[w]hen two parties' relationship is governed by contract, they may not *bring* a claim of unjust enrichment unless the claim falls outside the contract." *Utility Audit, Inc. v. Horace*

5

*Mann Service Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004)(emphasis added)(explaining that [i]n determining whether a claim falls outside a contract, the subject matter of the contract governs, not whether the contract contains terms or provisions related to the claim" and that "[t]he reason for prohibiting a claim of unjust enrichment between contracting parties is to prohibit a party whose expectations were not realized under the contract from nevertheless recovering outside the contract."). In the instant action Cochran clearly alleges that it is seeking to recover under the terms of the June 2003 Agreement. Therefore, we grant Encore's motion to dismiss the unjust enrichment claim. We note that Encore has also moved in its motion to dismiss Cochran's prayer for attorney's fees and costs. Such a motion is premature and is denied without prejudice.

## CONCLUSION

Based upon the foregoing analysis, we deny Encore's motion to dismiss the breach of contract claim and grant Encore's motion to dismiss the unjust enrichment claim.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 6, 2005